**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6912**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERIC DEAN SMITH, a/k/a Big E,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Senior District Judge.  (3:14-cr-00736-TLW-1)

Submitted:  November 23, 2021            Decided:  November 30, 2021

Before KING, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric Dean Smith, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Dean Smith appeals from the district court's order denying his motion for compassionate release. Upon our review of the record, we affirm.

The district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i), if "extraordinary and compelling reasons warrant such a reduction," upon a motion by the Bureau of Prisons' (BOP) Director or by the defendant after he has exhausted his administrative remedies with the BOP. 18 U.S.C. § 3582(c)(1)(A)(i). When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *High*, 997 F.3d at 186. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (citing cases). Next, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii); *High*, 997 F.3d at 186. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the 18 U.S.C. § 3553(a) sentencing factors "in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *High*, 997 F.3d at 186; 18 U.S.C. § 3582(c)(1)(A).

We review a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021) (per curiam). A court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law. *Id*. at 332. When considering a defendant's motion for compassionate release, a court must "'set forth enough to satisfy [our] court that [it] has *considered* the parties' arguments and has *a reasoned basis* for exercising [its] own legal decisionmaking authority,' so as to 'allow for meaningful appellate review.'" *High*, 997 F.3d at 190 (*quoting Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018)). We conclude that the district court did not abuse its discretion when it determined that, despite Smith's medical issues, the § 3553(a) sentencing factors—specifically the seriousness of Smith's offense and criminal history—weighed against granting compassionate release.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*